UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Victoria Richardson, | Case No. 23-cv-2932 (WMW/DJF) |
| Plaintiff, | **ORDER FOR DISMISSAL** |
| v. | |
| Jerone Ian Mitchell; and MCO Holdings, Ltd., | |
| Defendant. | |

---

This matter is before the Court for review of Plaintiff Victoria Richardson's amended civil complaint, (Dkt. 4), *in forma pauperis* ("IFP") application, (Dkt. 2), and Motion to Appoint Counsel, (Dkt. 3), pursuant to 28 U.S.C. § 1915(e). Upon that review, this Court finds that while Richardson qualifies financially for IFP status, this Court lacks jurisdiction to consider her claims. Therefore, this matter is dismissed without prejudice, and Richardson's IFP application, (Dkt. 2), and Motion to Appoint Counsel, (Dkt. 3), are denied as moot.

Richardson's Amended Complaint does nothing more than add a defendant to this action: MCO Holdings, Ltd. (Dkt. 4). Generally, "an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *Schlafly v. Eagle Forum*, 970 F.3d 924 (8th Cir. 2020) (quoting *Acuity v. Rex, LLC*, 929 F.3d 995, 999 (8th Cir. 2019)). But the Court recognizes that *pro se* complaints are to be liberally construed. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Accordingly, in

1

reviewing this matter pursuant to 28 U.S.C. § 1915(e), this Court considers both Richardson's original and amended complaints. *See Kirr v. North Dakota Public Health*, 651 F. App'x 567, 568 (8th Cir. 2016); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (*pro se* complaint must be liberally construed and plaintiff clearly intended for amended complaint to be read together with original complaint).

Read together, Richardson generally alleges that she is homeless and living at the Salvation Army homeless shelter in downtown Minneapolis because a "carbon copy" of her signature was used on a quitclaim deed that resulted in the transfer of ownership of her home. (Comp. (Dkt. 1)). Richardson attached a copy of an amended complaint filed in a civil matter that she initiated in Minnesota state court to her original complaint. (Comp. (Dkt. 1-1)). The amended complaint filed in state court names Jerone Ian Mitchell, MCO Holdings, Ltd, Devienya Shelton, and Plaza I as defendants and generally alleges that when Richardson fell behind in her property taxes and was at risk of losing her home due to a foreclosure action, the defendants contacted her and offered to loan her the money to pay her past due and future property tax obligations. *Id.* Years later, Richardson learned that, in the course of executing that loan agreement, the defendants allegedly obtained title to her property without her knowledge and, although she made payments on her loan, the defendants had not paid the property taxes on the property. *Id.* According to publicly accessible Minnesota state court records, this amended complaint was filed in *Richardson v. Mitchell*, Case No. 27-cv-18-18128 (Minn. Dist. Ct. Nov. 1, 2018) (Index #51) (*Richardson I*). *Richardson I* was subsequently dismissed with prejudice by stipulation of both parties. *Id.* (Index #146).

These pleadings do not establish any basis for *federal* court jurisdiction, however. Federal courts "are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pr. R. 12(h)(3); *see also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 739 (1976); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). It is the plaintiff's burden to establish subject matter jurisdiction. *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006). Although a *pro se* complaint is to be construed liberally, a *pro se* litigant must comply with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

There are two basic grounds for federal jurisdiction—federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

It is proper for federal courts to assert subject matter jurisdiction under 28 U.S.C. § 1331—commonly referred to as "federal question" jurisdiction—when a plaintiff asserts a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Richardson does not identify a federal cause of action. To the extent that Richardson intends to incorporate in this federal case the causes of action alleged in her *state* case, those causes of action identified in the amended complaint in *Richardson I* address only violations of Minnesota tort law, Minnesota contract law, or Minnesota statutes. (*See* Dkt. 1-1). There is no allegation that provides this Court with subject matter jurisdiction under 28 U.S.C. § 1331. *See also See Bediako v. Stein Mart, Inc.*, 345 F.3d

3

835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is the only other basis for this Court to exercise jurisdiction over this matter. But the Amended Complaint—even when liberally construed and read together with the original complaint—fails to allege facts that support the exercise of jurisdiction on that basis.

Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. *See* 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

Here, the Court lacks the authority to exercise diversity jurisdiction because there is not complete diversity of citizenship among the litigants. Richardson is a citizen of Minnesota. (Comp. (Dkt. 1)). And she alleges that Defendant Jerone Ian Mitchell also is a citizen of Minnesota. *Id.* Even though she does not identify the citizenship of MCO Holdings, Ltd., (Amed. Comp. (Dkt. 4)), there is no diversity of citizenship because both Richardson and at least one of the Defendants are citizens of Minnesota. Accordingly, this Court does not have the authority to exercise jurisdiction over this matter on that basis.

Because this action does not allege a federal question or complete diversity of citizenship, this Court does not have jurisdiction to consider this matter. For this reason, Richardson's Complaint and Amended Complaint are dismissed without prejudice. *See*

4

Fed. R. Civ. P. 12(h)(3). Richardson's application to proceed IFP, (Dkt. 2), and Motion to Appoint Counsel, (Dkt. 3), are therefore denied as moot.

## ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Victoria Richardson's Complaint, (Dkt. 1), and Amended Complaint, (Dkt. 4), are **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff's IFP Application, (Dkt. 2), is **DENIED as MOOT**; and

3. Plaintiff's Motion to Appoint Counsel, (Dkt. 3), is **DENIED as MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 14, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge